IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LATEEF RUNNELS, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| STANLEY STEEMER INTERNATIONAL, INC., | ) ) ) Electronically Filed ) |
| Service Instructions: | ) CLASS ACTION ) COLLECTIVE ACTION |
| Registered Agent: CT Corporation System 120 South Central Ave. Clayton, MO 63105 | ) ) ) ) ) |
| Defendant. | ) |

# COMPLAINT
## *Class and Collective Action*

Plaintiff, Lateef Runnels ("Plaintiff"), on behalf of himself, and all others similarly situated, brings this representative action for violation of the Fair Labor Standards Act under § 216(b) and related state wage and hour laws:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action against Defendant Stanley Steemer International, Inc., ("Stanley Steemer"), for unpaid wages and overtime compensation, and related penalties and damages. It is Defendant's practice and policy to willfully fail to properly pay all wages and overtime compensation due and owing. Doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.  Defendant's pay practices and policies are in direct violation of the FLSA and state

1

law, and therefore Plaintiff, on behalf of himself and all others similarly situated, seeks overtime premiums for all overtime work required at the correct overtime rate, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## **PARTIES**

3. Plaintiff Lateef Runnels currently resides in Jackson County, Missouri.

4. Plaintiff was employed by Defendant, was paid on commission with a minimum hourly guarantee.

5. Plaintiff regularly worked in the State of Missouri, including Jackson County, Missouri.

6. At all relevant times, Plaintiff worked as a nonexempt employee. Plaintiff regularly worked in excess of 40 hours in a work week.

7. Over the course of his employment Plaintiff was on a commission basis, with a minimum hourly guarantee of at least $9.75 per hour.

8. However, if Plaintiff's regular rate fell below $9.75 per hour, Stanley Steemer failed to make up the difference, as outlined in its compensation agreement.

9. Additionally, for the weeks in which Plaintiff's regular rate fell below the minimum hourly guarantee, Stanley Steemer failed to properly pay overtime compensation pursuant to 29 C.F.R. § 785.111(b). Instead, Defendant solely based overtime compensation on Plaintiff's pay and not accounting for the minimum hourly rate.

10. This is unlawful under the FLSA and state wage and hour laws. *See* 29 C.F.R. § 785.111.

11. Plaintiff and the workers he seeks to represent are those employees nationwide,

who Defendant classified as nonexempt from overtime and who were not paid for all hours worked, and/or overtime compensation at the proper rate of pay. This class definition excludes workers who worked at Defendant's branches located at Bolingbrook, Illinois; Palatine, Illinois; Orland Park, Illinois; and Chicago, Illinois. Plaintiff's Consent to Join form is attached as **Exhibit A**.

12.   At all relevant times, Defendant was an employer and/or joint employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as employer and/or joint employer.

## JURISDICTION AND VENUE

13.   This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

14.   The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business in this District, and Plaintiff performed work for Defendant in this district.

15.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant has offices, conducts business, has substantial business contacts and can be found in the Western District of Missouri, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the Western District of Missouri.

## GENERAL COLLECTIVE ACTION ALLEGATIONS

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

16.   Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following group of persons:

> All nonexempt Stanley Steemer workers nationwide who were classified as nonexempt from overtime who at least in one week in the past three years did not receive an overtime rate that took into account the Defendant's minimum hourly guarantee.

3

17. Plaintiff brings his state law claims in Count II under state law (including individual state law subclasses) and Count III (unjust enrichment) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendant's practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

> All nonexempt Stanley Steemer workers who were classified as nonexempt from overtime who at least in one week during the applicable class period did not receive an overtime rate that took into account the Defendant's minimum hourly guarantee.

18. The classes satisfy the numerosity standards in that the class numbers well into the thousands. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the place of work.

19. There are questions of fact and law common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a. Whether Defendant paid its nonexempt workers for all hours worked;

b. Whether Defendant had a policy of compensating its nonexempt workers on a commission basis with a minimum hourly guarantee;

c. Whether Defendant followed its policy;

d. Whether Defendant calculated overtime correctly in accordance with state and federal wage law;

e. Whether Defendant knew or had reason to know its policies and compensation practices were unlawful, and

f.  Whether Defendant retained a benefit from such unlawful policies and compensation practices.

20. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

21. Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

22. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

23. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff acting as Class Representative and his undersigned counsel, who have experience in wage and hour and class action lawsuits.

24. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

25. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I – FAIR LABOR STANDARDS ACT

### Failure to Pay Overtime Wages

26. Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

27. Plaintiff was employed by Defendant in the past three years and he was paid on a nonexempt basis through commissions with a minimum hourly guarantee.

28. Prior to, during, and after Plaintiff's employment with Defendant, Defendant employed numerous other individuals who had the same compensation structure as Plaintiff.

29. Plaintiff brings this Claim as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all nonexempt Stanley Steemer workers nationwide who are or were paid on a commission basis with a minimum hourly guarantee, and whose overtime pay was not calculated properly within the past three years and going forward.

30. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are substantially similar to the claims of the other workers he seeks to represent.

31. Plaintiff is similarly situated to the group he seeks to represent because they are all subject to Defendant's common practice, policy, or plan of failing to calculate overtime properly, in violation of the FLSA.

32. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

34. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

35. The FLSA requires each covered employer, such as the Defendant, to compensate all nonexempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

36. The FLSA further requires that when compensating employees on a commission with minimum hourly guarantee, overtime must be paid on a basis of one and one half times the minimum hourly guarantee.

37. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA.

38. At all relevant times, Defendant has had a policy and practice of failing and refusing to properly pay its nonexempt employees overtime pay at a rate of not less than one-and-one-half the minimum hourly pay guarantee for work performed in excess of forty hours in a work week.

39. The Defendant's failure to properly compensate Plaintiff, and all others similarly situated at a rate of not less than one-and-one-half times the guaranteed hourly rate of pay, for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29

U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

40. Defendant's violations of the FLSA are continual in nature.

41. The foregoing conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## COUNT II – STATE LAW WAGE STATUTES

43. Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

44. At all relevant times, Defendant has been and continues to be an "employer."

45. At all relevant times, Plaintiff and the putative class members were Stanley Steemer "employees."

46. The state wage laws require an employer to pay proper overtime compensation to all nonexempt employees.

47. Plaintiff and members of the Class are not and were not exempt from overtime pay requirements.

48. During the applicable statute of limitations, Defendant had a policy and practice of failing and refusing to pay all overtime wages to the Plaintiff and members of the class based on the proper regular rate of pay.

49. As a result of Defendant's willful failure to pay overtime wages earned, Defendant has violated and continues to violate the state wage laws, including but not limited to Mo. Rev. Stat. § 290.500.

50. Defendant's conduct violates the state laws of other states in which class members reside, including the state law subclasses.

## COUNT III – UNJUST ENRICHMENT

51. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

52. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees.

53. Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

54. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendant knew the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

55. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

  a. Designation of this action as a collective and class action on behalf of the proposed putative class members and prompt issuance of notice to all putative

        class members, apprising them of the pendency of this action;

b.     Designation of Plaintiff Runnels as Representative Plaintiff, acting for and on behalf of the putative class members;

c.     Notice to be sent to similarly situated individuals informing them of their rights;

d.     A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

e.     An award of restitution of the full amount of the wage rate;

f.     Costs and expenses of this action incurred herein;

g.     Reasonable attorneys' fees and expert fees;

h.     Liquidated damages, pre-judgment and/or post-judgment interest, as provided by law; and

i.     Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

WILLIAMS DIRKS DAMERON, LLC

/s/ Eric L. Dirks
Eric L. Dirks, MO Bar No. 54921
1100 Main Street, Suite 2600
Kansas City, MO 64105
dirks@williamsdirks.com
Tel: (816) 945-7110
Fax: (816) 945-7118

and

THE HODGSON LAW FIRM
Michael Hodgson, MO Bar No. 63677
3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: (913) 890-3529

mike@thehodgsonlawfirm.com

and

THE MEYERS LAW FIRM, LC
Heather J. Hardinger, MO Bar 62925
hhardinger@meyerslaw.com
503 One Main Plaza
4435 Main Street
Kansas City, Missouri 64111
816-444-8500
816-444-8508 *facsimile*


*Attorneys for Plaintiff*

11