## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LATEEF RUNNELS, on behalf of    )
himself and all others similarly situated,    )
    )
         Plaintiff,    )    CASE NO.  2:19-cv-02731-JAR-KGG
    )
    v.    )
    )
STANLEY STEEMER    )
INTERNATIONAL, INC.,    )
    )
         Defendant.    )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Stanley Steemer International, Inc. ("Defendant" or "SSI"), by its undersigned counsel, hereby responds to the allegations of Plaintiff Lateef Runnels' ("Plaintiff") Amended Complaint as follows:

1.    Plaintiff brings this action against Defendant Stanley Steemer International, Inc., ("Stanley Steemer" or "Defendant"), for unpaid wages and overtime compensation, related penalties and damages and breach of contract. It is Defendant's practice and policy to willfully fail to properly pay all wages and overtime compensation due and owing. Doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

**Answer: SSI admits Plaintiff purports to proceed as set forth in Paragraph 1. SSI denies that Plaintiff–or any putative class or collective action member–has any valid cause of action under the federal Fair Labor Standards Act ("FLSA") or similar state law, is entitled to any alleged unpaid compensation under such statutes, and/or is entitled to pursue such claims on a class, collective or group basis. Except as expressly admitted herein, the allegations set forth in Paragraph 1 are denied.**

2.      Defendant's pay practices and policies are in direct violation of the FLSA and state law, and therefore Plaintiff, on behalf of himself and all others similarly situated, seeks pay for the agreed upon hourly rate, overtime premiums for all overtime work required at the correct overtime rate, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

**Answer: SSI admits Plaintiff purports to seek certain damages for alleged violations of law as set forth in Paragraph 2. SSI denies that Plaintiff–or any putative class or collective action member–has any valid cause of action under the FLSA or similar state law, is entitled to any alleged unpaid compensation under such statutes, and/or is entitled to pursue such claims on a class, collective or group basis. Except as expressly admitted herein, the allegations set forth in Paragraph 2 are denied.**

3.      Plaintiff Lateef Runnels currently resides in Jackson County, Missouri.

**Answer: SSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, denies the allegations.**

4.      Plaintiff was employed by Defendant, was paid on piece rate basis with a minimum hourly guarantee.

**Answer: SSI admits that it employed Plaintiff and paid him, among other things, a minimum hourly guarantee. SSI denies the remaining allegations in this Paragraph.**

5.      Plaintiff regularly worked in the State of Kansas and Missouri.

**Answer: SSI admits that Plaintiff performed work for SSI in the State of Kansas and State of Missouri. SSI denies the remaining allegations in this Paragraph.**

6.      At all relevant times, Plaintiff worked as a nonexempt employee.  Plaintiff regularly worked in excess of 40 hours in a work week.

**Answer:  SSI admits it classified Plaintiff as a non-exempt employee. Plaintiff denies the remaining allegations in this Paragraph.**

7.      Over the course of his employment Plaintiff was on a piece rate basis, with a minimum hourly guarantee of at least $9.75 per hour.

**Answer: Denied.**

8.      However, if Plaintiff's regular rate fell below $9.75 per hour, Stanley Steemer failed to make up the difference, as outlined in its compensation agreement.

**Answer: Denied.**

9.      Additionally, for the weeks in which Plaintiff's regular rate fell below the minimum hourly guarantee, Stanley Steemer failed to properly pay overtime compensation pursuant to 29 C.F.R. § 778.111(b). Instead, Defendant solely based overtime compensation on Plaintiff's pay and not accounting for the minimum hourly rate.

**Answer: Denied.**

10.      This is unlawful under the FLSA and state wage and hour laws. *See* 29 C.F.R. § 778.111.

**Answer: This Paragraph contains legal assertions or conclusions that do not require a responsive pleading. To the extent a response is required, SSI denies the allegations in this Paragraph.**

11.      Plaintiff and the workers he seeks to represent are those employees nationwide, who Defendant classified as nonexempt from overtime and who were not paid the minimum hourly rate for all hours worked, and/or overtime compensation at the proper rate of pay. This class definition excludes workers who worked at Defendant's branches located at Bolingbrook, Illinois; Palatine, Illinois; Orland Park, Illinois; and Chicago, Illinois.

**Answer: SSI admits that Plaintiff purports to proceed as set forth in Paragraph 11. SSI denies that Plaintiff–or any putative class or collective action member–has any valid cause of action under the FLSA or similar state law, is entitled to any alleged unpaid compensation under such statutes, and/or is entitled to pursue such claims on a class, collective or group basis. Except as expressly admitted herein, the allegations set forth in Paragraph 11 are denied.**

12.     At all relevant times, Defendant was an employer and/or joint employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as employer and/or joint employer.

**Answer: SSI admits it employed Plaintiff. SSI denies the remaining allegations in this Paragraph.**

13.     This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

**Answer: Admitted.**

14.     The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business in this District, and Plaintiff performed work for Defendant in this district.

**Answer: SSI admits that it is subject to personal jurisdiction in this Court with respect to Plaintiff's claims only. SSI denies that it is subject to personal jurisdiction in this Court with respect to the claims of any putative class or collective action member who did not perform work for SSI within the jurisdiction of this Court.**

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant has offices, conducts business, has substantial business contacts and can be found in the  District of

Kansas, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the District of Kansas.

**Answer: SSI admits that this is a Court of appropriate venue with respect to Plaintiff's individual claims only. SSI denies that venue is proper in this Court with respect to the claims of any putative class or collective action member who did not perform work for SSI within the District of Kansas.**

16.     Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following group of persons:

> All nonexempt Stanley Steemer workers nationwide who were classified as nonexempt from overtime who at least in one week in the past three years did not receive an overtime rate that took into account the Defendant's minimum hourly guarantee.

**Answer: SSI admits that Plaintiff purports to bring this action individually and on behalf of a similarly situated group pursuant to 29 U.S.C. § 216(b), as defined. SSI denies, however, that collective group adjudication is legally proper or that Plaintiff is entitled to pursue his claims on behalf of anyone but himself. SSI also denies that Plaintiff–or any collective action member–has any valid cause of action under the FLSA or is entitled to any compensation under such statute.**

17.     Plaintiff brings his state law claims in Count II under state law (including individual state law subclasses) and Counts III (breach of contract) and IV (unjust enrichment) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and on behalf of others similarly situated, seeks relief on a class basis challenging Defendant's practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

> All nonexempt Stanley Steemer workers who were classified as nonexempt from overtime who at least in one week during the applicable class period did not receive their minimum

hourly guarantee for straight time hours and/or an overtime rate that took into account the Defendant's minimum hourly guarantee.

**<u>Answer</u>: SSI admits that Plaintiff purports to bring this action individually and on behalf of the Rule 23 class(es) he alleges. SSI denies, however, that class adjudication is legally proper or that Plaintiff is entitled to pursue his claims on behalf of anyone but himself. SSI also denies that Plaintiff–or any class action member–has any valid cause of action under state law or is entitled to any compensation under such statutes or common law claims.**

18.     The classes satisfy the numerosity standards in that the class numbers well into the thousands. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the place of work.

**<u>Answer</u>: Denied.**

19.     There are questions of fact and law common to the class that predominate over any questions affecting individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

        a.     Whether Defendant paid its nonexempt workers for all hours worked;

        b.     Whether Defendant had a policy of compensating its nonexempt workers on a piece rate basis with a minimum hourly guarantee;

        c.     The amount of the hourly guarantee

        d.     Whether Defendant followed its policy;

        e.     Whether Defendant calculated overtime correctly in accordance with state and federal wage law; and

        f.     Whether Defendant knew or had reason to know its policies and compensation practices were unlawful.

**Answer: Denied.**

        **a. Denied.**

        **b. Denied.**

        **c. Denied.**

        **d. Denied.**

        **e. Denied.**

        **f. Denied.**

20.    The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

**Answer: Denied.**

21.    Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

**Answer: Denied.**

22.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

**Answer: Denied.**

23.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff acting as Class Representative and his undersigned counsel, who have experience in wage and hour and class action lawsuits.

**<u>Answer</u>: Denied.**

24.     Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

**<u>Answer</u>: Denied.**

25.     To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

**<u>Answer</u>: Denied. By way of further response, SSI denies that class or collective adjudication is legally proper or that Plaintiff is entitled to pursue his claims on behalf of anyone but himself.**

## <u>COUNT I</u>

26.     Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

**Answer: Paragraph 26 of Plaintiff's Amended Complaint is an incorporation Paragraph. As such, SSI incorporates each and every one of its responses to the prior Paragraphs by reference.**

27.     Plaintiff was employed by Defendant in the past three years and he was paid on a nonexempt basis through piece work with a minimum hourly guarantee.

**Answer: SSI admits it employed Plaintiff in the last three years and classified him as a non-exempt employee subject to, among other things, a minimum hourly guarantee. SSI denies the remaining allegations contained in this Paragraph.**

28.     Prior to, during, and after Plaintiff's employment with Defendant, Defendant employed numerous other individuals who had the same compensation structure as Plaintiff.

**Answer: Denied.**

29.     Plaintiff brings this claim as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all nonexempt Stanley Steemer workers nationwide who are or were paid on a piece rate basis with a minimum hourly guarantee, and whose overtime pay was not calculated properly within the past three years and going forward.

**Answer: SSI admits Plaintiff purports to bring this action individually and on behalf of a similarly situated group pursuant to 29 U.S.C. § 216(b), as defined. SSI denies, however, that collective group adjudication is legally proper or that Plaintiff is entitled to pursue his claims on behalf of anyone but himself. SSI also denies that Plaintiff–or any collective action member–has any valid cause of action under the FLSA or is entitled to any alleged unpaid compensation under such statute.**

30.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are substantially similar to the claims of the other workers he seeks to represent.

**Answer: Denied.**

31.     Plaintiff is similarly situated to the group he seeks to represent because they are all subject to Defendant's common practice, policy, or plan of failing to calculate overtime properly, in violation of the FLSA.

**Answer: Denied.**

32.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

**Answer: Admitted.**

33.     At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

**Answer: SSI admits it employs employees within the meaning of the FLSA. SSI denies the remaining allegations in this Paragraph.**

34.     At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

**Answer: Admitted.**

35.     The FLSA requires each covered employer, such as the Defendant, to compensate all nonexempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

**Answer: This Paragraph contains legal assertions or conclusions that do not require a responsive pleading. To the extent a response is required, SSI denies the allegations contained in this Paragraph.**

36.     The FLSA further requires that when compensating employees on a piece rate basis with minimum hourly guarantee, overtime must be paid on a basis of one and one half times the minimum hourly guarantee.

**Answer: This Paragraph contains legal assertions or conclusions that do not require a responsive pleading. To the extent a response is required, SSI denies the allegations contained in this Paragraph.**

37.     Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA.

**Answer: SSI admits it classified Plaintiff as a non-exempt employee eligible for overtime pay under the FLSA. SSI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, on that basis, denies the allegations.**

38.     At all relevant times, Defendant has had a policy and practice of failing and refusing to properly pay its nonexempt employees overtime pay at a rate of not less than one-and-one-half the minimum hourly pay guarantee for work performed in excess of forty hours in a work week.

**Answer: Denied.**

39.     The Defendant's failure to properly compensate Plaintiff, and all others similarly situated at a rate of not less than one-and-one-half times the guaranteed hourly rate of pay, for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

**Answer: Denied.**

40.    Defendant's violations of the FLSA are continual in nature.

**<u>Answer</u>: Denied.**

41.    The foregoing conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

**<u>Answer</u>: Denied.**

42.    Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**<u>Answer</u>: SSI admits Plaintiff purports to seek certain damages for alleged violations of law as set forth in Paragraph 42. SSI denies any of its policies or practices violate the FLSA or result in the failure of its employee to receive pay for all hours worked, including, overtime pay. SSI also denies Plaintiff–or any putative collective member–has a valid cause of action under the FLSA, is entitled to alleged unpaid compensation under such statute, and/or is legally permitted to pursue such claims on a collective basis.**

## <u>COUNT II</u>

43.    Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

**<u>Answer</u>: Paragraph 43 of Plaintiff's Amended Complaint is an incorporation Paragraph. As a result, SSI incorporates each and every one of its responses to the prior Paragraphs by reference.**

44.     At all relevant times, Defendant has been and continues to be an "employer."

**Answer:  This Paragraph contains legal assertions or conclusions that do not require a responsive pleading. To the extent a response is required, SSI denies the allegations contained in this Paragraph.**

45.     At all relevant times, Plaintiff and the putative class members were Stanley Steemer "employees."

**Answer: SSI admits it employed Plaintiff. SSI denies the remaining allegations in this Paragraph.**

46.     The state wage laws require an employer to pay proper overtime compensation to all nonexempt employees.

**Answer: This Paragraph contains legal assertions or conclusions that do not require a responsive pleading. To the extent a response is required, SSI denies the allegations in this Paragraph.**

47.     Plaintiff and members of the Class are not and were not exempt from overtime pay requirements.

**Answer: SSI admits it employed Plaintiff as a non-exempt employee. SSI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, denies the allegations.**

48.     During the applicable statute of limitations, Defendant had a policy and practice of failing and refusing to pay all overtime wages to the Plaintiff and members of the class based on the proper regular rate of pay.

**Answer: Denied.**

49.     As a result of Defendant's willful failure to pay overtime wages earned, Defendant has violated and continues to violate the state wage laws, including but not limited to Mo. Rev. Stat. § 290.500.

**Answer: Denied.**

50.     Defendant's conduct violates the state laws of other states in which class members reside, including the state law subclasses.

**Answer: Denied.**

### COUNT III

51.     Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

**Answer: Paragraph 51 of Plaintiff's Amended Complaint is an incorporation Paragraph. As a result, SSI incorporates each and every one of its responses to the prior Paragraphs by reference.**

52.     Plaintiff and Defendant entered into employment agreements whereby Defendant offered, and Plaintiff accepted, to pay its employees a specific hourly rate of $9.75 per hour as a minimum hourly guarantee. Plaintiff agreed to perform services for Defendant to be compensated for at such hourly rate.

**Answer: Denied.**

53.     The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff have performed all conditions precedent, if any, required of Plaintiff under the employment agreements.

**Answer: To the extent that the allegations in this Paragraph refer to a written document, the terms of such document(s) speak for themselves and, accordingly, no responsive pleading is required. To the extent a responsive pleading is required, SSI denies the allegations to the**

**extent they are different from the contents of the actual document and/or do not reflect the entire document. SSI also denies the allegations in this Paragraph to the extent they are legal assertions or conclusions that do not require a responsive pleading. To the extent a response is required, SSI denies these allegations in this Paragraph.**

54.     Defendant failed and refused to perform its obligations in accordance with the terms and conditions, including implied terms and conditions, of the agreement by failing to pay Plaintiff for all time worked on behalf of Defendant, and/or at the correct minimum hourly guarantee.

**<u>Answer</u>: Denied.**

55.     Plaintiff and the Class were thereby damaged in an amount to be determined at trial.

**<u>Answer</u>: Denied.**

<u>COUNT IV</u>

56.     Plaintiff realleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

**<u>Answer</u>: Paragraph 56 of Plaintiff's Amended Complaint is an incorporation Paragraph. As a result, SSI incorporates each and every one of its responses to the prior Paragraphs by reference.**

57.     Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees.

**<u>Answer</u>: Denied.**

58.     Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

**Answer: Denied.**

59.     Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendant knew the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

**Answer: Denied.**

60.     It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**Answer: Denied.**

### AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Amended Complaint, SSI alleges the following separate and distinct affirmative and other defenses.

1.     To the extent Plaintiff has failed to comply with any applicable statute of limitation, her claims are barred in whole or in part.

2.     Plaintiff's claims are barred to the extent that they seek duplicative relief or amounts seeking more than a single recovery.

3.     Plaintiff's claims, and entitlement to monetary recovery, are barred, in whole or in part, because SSI acted in good faith, in conformity with and in reliance on applicable written administrative regulations, orders, rulings, approvals, or interpretations of relevant regulatory agencies, and SSI thus acted with a good faith belief that it had not violated any law, rule or regulation as is alleged in the Amended Complaint.

4.     Plaintiff's claims, and entitlement to monetary recovery, are barred, in whole or in part, to the extent that Plaintiff, or putative class/collective members, received

compensation in amounts greater than that to which they were entitled thus permitting any monetary recovery to be offset by those overpayments.

5.     Plaintiff's claims are barred, in whole or in part, to the extent that SSI's employees or agents acted contrary to SSI's express or generally understood policies and procedures, such that those actions were not authorized and were outside the scope of the employees' or agents' employment or agency.

6.     SSI has not willfully failed to pay Plaintiff (or any alleged putative class or collective member) any wages, and there is a bona fide, good faith dispute with respect to SSI's obligation to pay any wages that may be found to be due. As such, Plaintiff (or any alleged putative class or collective member) are not entitled to liquidated, punitive or exemplary damages Moreover, only a two-year statute of limitations applies under the FLSA, and the shortest possible limitations should apply under state law.

7.     Plaintiff's claim for unpaid overtime is barred to the extent Plaintiff and/or alleged similarly situated employees did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime.

8.     This Court lacks personal jurisdiction over SSI with respect to the claims of any members of the putative class or collective who did not work in the State of Kansas. *Bristol Myers Squibb Co. v. Superior Court of California*, 582 U.S. ___, 137 S. Ct. 1773 (2017).

9.     Plaintiff and members of the putative class are not similarly situated.

10.    Plaintiff may not properly maintain this case as a class or collective action because: (1) Plaintiff failed to plead, and cannot establish, the necessary procedural elements for class or collective treatment; (2) neither a class nor a collective action is an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) common issues

of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class or collective action members; (5) Plaintiff is not a proper class representative and is are not similarly situated to the proposed collective group; (6) Plaintiff and their counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class or collective action treatment, and class and collective action treatment is neither appropriate nor constitutional under the due process clause; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative classes or collective group; (9) the alleged putative classes and collective group is not ascertainable, nor are its members identifiable; and (10) to the extent that the alleged putative classes or collective group is ascertainable and its members are identifiable, the number of putative class or collective action members is too small to meet the numerosity requirement for a class action or the interest requirement for a collective action respectively.

11.     Plaintiff's claims under state wage statutes fail to the extent the FLSA preempts them.

12.     To the extent any members of the putative collective and class action signed a release and/or waiver encompassing claims alleged in Plaintiff's Amended Complaint, that release and/or waiver bars the claim(s).

13.     To the extent any members of the putative collective and class action signed arbitration agreements requiring that they and SSI arbitrate any claims alleged in Plaintiff's Amended Complaint, they are not similarly situated to Plaintiff and/or may not receive notice of this action or participate in this action as a putative class or collective action member.

14.     The claims of Plaintiff and the alleged putative class and collective action members are barred, in whole or in part, to the extent the specific facts and circumstances warrant application of the *de minimis* doctrine.

15.     Plaintiff's Rule 23 class claims are incompatible with their FLSA section 216(b) collective action claims, and prevent Plaintiffs from being able to establish numerosity under Rule 23(a). Accordingly, this Court should dismiss Plaintiff's Rule 23 class allegations with prejudice and allow Plaintiffs to assert state wage and hour claims on an individual basis only in this action.

16.     The adjudication of the claims of the putative class through generalized class-wide proof violates SSI's rights to a trial by jury guaranteed by the United States and various state Constitutions.

17.     Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of SSI's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

18.     SSI opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class in this case over SSI's objections, then SSI's asserts the affirmative and other defenses set forth herein against each and every member of the certified class.

19.     At this point, the parties have engaged in only limited discovery, and, as such, SSI reserves the right to amend its answer as additional facts, issues or defenses may be discovered.

**WHEREFORE,** this Court should: (1) dismiss Plaintiff's Amended Complaint with prejudice; (2) enter judgment in SSI's favor and against Plaintiff(s) on all counts; (3) deny Plaintiff's request to allow this case to proceed as a collective and/or class action; and (4) award SSI its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Dated:  January 10, 2020

_s/ Robert Bernstein_
Robert H. Bernstein, # 78213
200 Park Avenue
Florham Park, NJ 07932
Telephone:      (973) 360-7946
Facsimile:      (973) 301-8410
E-Mail:          bernsteinrob@gtlaw.com

James N. Boudreau (admitted _pro hac vice_)
Adam R. Roseman (admitted _pro hac vice_)
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Telephone:      (215) 988-7833/7826
Facsimile:      (215) 717-5209
E-Mail:          boudreauj@gtlaw.com
                    rosemana@gtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of January 2020, a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint was filed and served via CM/ECF electronic filing, addressed to the following:

> Michael Hodgson, Esquire
> mike@thehodgsonlawfirm.com
> The Hodgson Law Firm
> 3699 SW Pryor Road
> Lee's Summit, MO 64082
>
> Eric L. Dirks, Esquire
> dirks@williamsdirks.com
> Williams Dirks Dameron, LLC
> 1100 Main Street, Suite 2600
> Kansas City, MO 64105
>
> Heather J. Hardinger, Esquire
> hhardinger@meyerslaw.com
> The Meyers Law Firm, LC
> 503 One Main Plaza
> 4435 Main Street
> Kansas City, MO 64111
>
> *Attorneys for Plaintiff*

 *s/ James N. Boudreau*
James N. Boudreau